WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tara Millsap, a single woman, | No. CV-13-00899-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Two Brothers Distributing Incorporated, an Arizona corporation; Ali N. Saad; Jean Saad; Saad Saad; and Susan Saad, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Refer to Bankruptcy Court. (Doc. 12.) For the following reasons, the motion is granted.

**BACKGROUND**

Plaintiff Tara Millsap brought this employment related action against the various entities and persons who own a chain of gas stations and convenience stores in Maricopa County. Millsap worked as a cashier in four or five of these stores and alleges that she never received the overtime compensation required under the Fair Labor Standards Act. Millsap worked there from January 2011 to November 2012

Millsap filed this lawsuit on May 2, 2013, but has now learned that many of the entities she named as defendants in this action filed for bankruptcy between 2010 and 2011. Those bankruptcy actions are currently before the bankruptcy court. On September 23, 2013 this Court noted that Millsap had not served most of the Defendants and ordered that the matter be dismissed after 14 days unless Millsap showed good cause for her failure to serve the Summons and Complaint. (Doc. 11.) Millsap responded with the

instant Motion to Refer to Bankruptcy Court, explaining that she discontinued her efforts to serve Defendants in order to avoid violations of the automatic stays after the lawyer for some of the Defendants informed her of the pending bankruptcies. Millsap only served one of the defendants, Two Brothers XI, Inc., and it has not yet appeared in this matter or responded to the Motion to Refer.

## DISCUSSION

Millsap argues that she cannot serve defendants because of concerns over the automatic stay. The automatic stay in bankruptcy cases forbids the commencement of a judicial action against the debtor "to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1). Some of the bankruptcy filings in this case predate Millsap's employment with the Defendants. For those cases, the automatic stay would not prevent this action.

However, the bankruptcy filings continued until at least May 4, 2011 which was after Millsap began working for Defendants in January 2011. Chapter 11 Voluntary Petition, *In re TWO BROTHERS VIII, INC.*, 2:11-bk-12898-DPC, (Bankr. D. Ariz. May 4, 2011). Millsap filed this action on May 2, 2013. The Fair Labor Standards Act has a two-year statute of limitations or a three-year statute of limitations for willful violations. 29 U.S.C. § 255. Regardless of whether the two- or three-year limit applies in this case, at least part of Millsap's claims arose before the final bankruptcy filing. Here, the Defendants are multiple related entities and individuals and Millsap does not know which Defendants owned the specific stores in which she worked. It will not be clear which of the Defendants may be liable on the overtime wage claim until after discovery. It is possible that some portion of Millsap's claims will be barred by the automatic stay if the Defendants that owned the stores she worked in filed for bankruptcy after Millsap's claim arose.

Millsap cannot serve or continue to pursue her claims against the Defendants in this matter because to do so might violate the automatic stays. The bankruptcy court has been handling the bankruptcy cases for several years and is better aware of the various

entities involved and when each filed for bankruptcy protection. For this reason, Millsap asks the Court to refer this matter to the bankruptcy court.

In determining whether to refer a matter to the Bankruptcy Court, the Court must consider whether the Bankruptcy Court has jurisdiction to hear the proceeding at all, whether the circumstances warrant referral or withdrawal of the reference, and the appropriate timing for withdrawal, if any.

"A bankruptcy court's jurisdiction is established by statute. 28 U.S.C. § 1334(b) gives federal district courts subject matter jurisdiction over 'all civil proceedings arising under title 11, or arising in or related to cases under title 11." *In re Harris*, 590 F.3d 730, 736–37 (9th Cir. 2009). Title "28 U.S.C. § 157(a) allows district courts to refer any of these proceedings to bankruptcy courts." *Id.* at 737. The District Court of Arizona has a standing general order which "refers to the bankruptcy judges for this district all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11 as of the effective date of the present Bankruptcy Act." General Order 01–15.

A bankruptcy court has jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." *Id.* § 157(c)(1). Claims are "related to" the Bankruptcy Proceeding if their "outcome could conceivably have any effect on the bankruptcy estate." *See In re ACI–HDT Supply Co.*, 205 B.R. 231, 237 (B.A.P. 9th Cir. 1997).

Here, the claims are at least "related to" the bankruptcy proceedings because their outcome could have an effect on the bankruptcy estates. If any of the claims here are barred by the automatic stay, it is because those claims arose during the period before bankruptcies were filed. Any "motions to terminate, annul, or modify the automatic stay" would be core proceedings. 28 U.S.C.A. § 157(b)(2)(G). For these reasons, referral to the bankruptcy court is appropriate in this case.

It is clear that most of the time period covered by the claims in this case was after

the bankruptcy filings. This Court may consider a withdrawal of this reference after the bankruptcy court has determined which, if any, of the claims are covered by the bankruptcy case and which of the Defendants can be sued for what claims without violating the automatic stays.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Refer to Bankruptcy Court (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court refer this matter to the bankruptcy court, to be considered in conjuncture with the consolidated action **2:10-bk-23048-DPC.**

Dated this 14th day of January, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge